PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

IN THE UNITED STATES DISTRICT COURT
FOR THE ___EASTERN___ DISTRICT OF TEXAS
___TYLER___ DIVISION

THEODORE STREATER #1430922
Plaintiff's Name and ID Number

TDCJ-CID,SMITH UNIT
Place of Confinement

CASE NO.___6:19CV583 JDK/KNM___
(Clerk will assign the number)

v.

LORIE DAVIS, P.O Box 99,Huntsville,TX

Defendant's Name and Address

42 U.S.C. 1983
42 U.S.C. 12132
29 U.S.C. 794
42 U.S.C. 2000bb,cc

WARDEN A. GONZALEZ,1313 CR 19,Lamesa,TX 79331

Defendant's Name and Address

JURY TRIAL DEMANDED

CAPTAIN MILLER, XXØXXRX 1313 CR 19, Lamesa,TX 79331
Defendant's Name and Address
( DO NOT USE "ET AL.")

## INSTRUCTIONS - READ CAREFULLY

NOTICE:

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

1

Rev. 05/15

Defendants continued from previous page

4. Kitchen Officer Flores, 1313 CR 19, Lamesa,TX 79331

5. Classification Mrs. Harris, 1313 CR 19, Lamesa,TX 79331

6. Chaplain Earnest, 1313 CR 19, Lamesa,TX  79331

7. Mr. Jimenez, 1313 CR 19, Lamesa,TX 79331

8. Mrs. Reimer, 1313 CR 19, Lamesa,TX  79331

9. Ms. Rebber, 1313 CR 19, Lamesa,TX  79331

10.Mr. Rosiles, 1313 CR 19, Lamesa,TX 79331

11. Sgt. K. Vasquez, 1313 CR 19, Lamesa,TX  79331

XXXXØNXXNXXNØWXXNXXØXXXXBXBXERXXØXXLXNXXN

XØ

12. Major E. Cueto, 1313 CR 19, Lamesa,TX  79331

13. Lt. Aynes, 1313 CR 19, Lamesa, TX  79331

14. Sgt. Causillo, 1313 CR 19, Lamesa, TX  79331

15. Sgt. Edwards, 1313 CR 19, Lamesa,TX  79331

16. Five Unknown Officers, 1313 CR 19, Lamesa,TX 79331

1(a)

## FILING FEE AND *IN FORMA PAUPERIS* (IFP)

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of $400.00.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

## CHANGE OF ADDRESS

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked "**NOTICE TO THE COURT OF CHANGE OF ADDRESS**" and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I.  PREVIOUS LAWSUITS:

    A.  Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ✓ YES ___ NO

    B.  If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

       1.  Approximate date of filing lawsuit: *Unknown*

       2.  Parties to previous lawsuit:

          Plaintiff(s) *Theodore Streater*

          Defendant(s) *Sharon Allen, Charles Bell, Lt. Bunnell, Jackie Turner, et al*

       3.  Court: (If federal, name the district; if state, name the county.) *U.S. District (Tyler)*

       4.  Cause number: *Unknown (records in transit)*

       5.  Name of judge to whom case was assigned: *Unknown (record in transit)*

       6.  Disposition: (Was the case dismissed, appealed, still pending?) *Pending in 5th Circuit*

       7.  Approximate date of disposition: _____

II.   PLACE OF PRESENT CONFINEMENT: TDCJ-CID, Smith Unit, Lamesa, TX

III.   EXHAUSTION OF GRIEVANCE PROCEDURES:   Procedure unavailable

Have you exhausted all steps of the institutional grievance procedure? (Threat)     YES     NO
Ross v. Blake 136 S-Ct. 1850 (2016)(Intimidation)(Dead End)
Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV.   PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Theodore Streater, #1430922, 1313 CR 19, Lamesa, TX 79331

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: Lorie Davis, Director TDCJ-CID, P.O. BOX 99, Huntsville, TX 77342-0099
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Violatious: 1st, 8th, 14 amend U.S. Const., ADA, Rehab Act, RLUIPA

Defendant #2: Warden A. Gonzalez, 1313 CR 19, Lamesa, TX 79331
Violations: 1st, 8th, 14 amend. U.S. Const, ADA, Rehab Act, RLUIPA
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #3: Captain Miller, Kitchen Supervisor, 1313 CR 19, Lamesa, TX 79331
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Violations: 1st, 8th, 14 amend. US. Const., ADA, Rehab Act, RLUIPA

Defendant #4: Kitchen Officer Flores, Kitchen Staff, 1313 CR 19, Lamesa, TX 79331
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Violations: 8th, 14 amend. U.S. Const., ADA, Rehab Act, RLUIPA

Defendant #5: Mrs. Harris, Classification Officer, 1313 CR 19, Lamesa, TX 79331
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Violations: 1st, 8th, 14 amend. U.S. Const, ADA, Rehab Act

Rev. 05/15

3

6. Chaplain Earnest, Smith Unit Chaplain, 1313 CR 19, Lamesa, TX 79331
   Violations: 1st, 8th, 14th amend. U.S. Const., ADA, Rehab Act, RLUIPA

7. Mr. Jimenez, TDCJ-CID Law Library Supv., 1313 CR. 19, Lamesa, TX 79331
   Violations: 1st, 8th, 14th amend. U.S. Const., ADA, Rehab Act, RLUIPA

8. Mrs. Reimer, Grievance Supvisor, 1313 CR 19, Lamesa, TX 79331
   Violations: 1st, 8th, 14 amend. U.S. Const., ADA, Rehab Act, RLUIPA

9. Ms. Rebber, Legal Mail Supervisor, 1313 CR 19, Lamesa, TX 79331
   Violations: 1st, 8th, 14 amend. U.S. Const., ADA, Rehab Act, RLUIPA

10. Mr. Rosiles, Medical Supv., 1313 CR 19, Lamesa, TX 79331
    Violations: 8th, 1st, 14 amend U.S. Const., ADA, Rehab Act, RLUIPA

11. Sgt. K. Vasquez, Safe Prison/PREA Officer, 1313 CR 19, Lamesa, TX 79331
    Violations: 1st, 8th, 14 amend. U.S. Const., ADA, Rehab Act, RLUIPA

12. Major E. Cueto, Unit Major, 1313 CR 19, Lamesa, TX 79331
    Violations: 1st, 8th, 14th amend. U.S. Const., ADA, Rehab Act, RLUIPA

13. Lt. Aynes, 2nd shift Lt., 1313 CR 19, Lamesa, TX 7993 79331
    Violations: 1st, 8th, 14th amend., U.S. Const., ADA, Rehab Act, RLUIPA

14. Sgt. Cansillo, Wing Sgt., 1313 CR 19, Lamesa, TX 79331
    Violations: 1st, 8th, 14 amend U.S. Const., ADA, Rehab Act, RLUIPA

15. Sgt. Edwards, Wing Sgt., 1313 CR 19, Lamesa, TX 79331
    Violations: 1st, 8th, 14 amend. U.S. Const., ADA, Rehab Act, RLUIPA

16. Five Unknown Officers, TDCJ officers, 1313 CR 19, Lamesa, TX 79331
    Violations: 1st, 8th, 14 amend, U.S. Const., ADA, Rehab Act, RLUIPA

16(a) Each named individual defendant is sued in their individual
    and official capacities.

(3)(a)

V.    STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

1. On November 7, 2019, I was transferred to Smith Unit.
2. When I arrived I was medically screened and my body weight was 185 lbs.
3. I was taken to "6-Wing" along with the other offenders who arrived with me to await housing.
4. While there, I observed Sgt. Causillo, Sgt. Edwards, and 5 unknown officers beating prisoner Robert Hutchens, TDCJ I.D. #02151895.
5. I then heard prisoner Edward Sims, TDCJ-I.D.#0215/9157

(continued)

VI.   RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Grant relief as requested at paragraph 79(A)-(I); Grant Emergency Injunctions as requested

VII.  GENERAL BACKGROUND INFORMATION:

A.  State, in complete form, all names you have ever used or been known by including any and all aliases.

Theodore Streater

B.  List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

#1430922

VIII. SANCTIONS:

A.  Have you been sanctioned by any court as a result of any lawsuit you have filed?  ✓ YES ____ NO

B.  If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

    1.  Court that imposed sanctions (if federal, give the district and division): Unknown
    2.  Case number: Unknown (records unavailable)
    3.  Approximate date sanctions were imposed: Unknown
    4.  Have the sanctions been lifted or otherwise satisfied? / Strike  ✓ YES ____ NO

Rev. 05/15

4

say to the officers beating Hutchens, "Ya'll ain't gotta beat him like that. I'm going to file a grievance on ya'll."

6. At that time I observed Lt. Aynes and unknown officers grab Sims and begin beating him.

7. I observed Lt. Aynes strike Sims in the head with a walkie-talkie opening a gash over Sim's eyebrow.

8. I observed Major Cueto watching Sims being assaulted.

9. I watched as Sims was dragged away bleeding from his head.

10. Lt. Aynes returned to G-Wing a short time later and stated: "Anybody else want to file a grievance? Ya'll gonna learn how grievances get answered on Smith Unit. I run this motherfucker. Welcome to the real world!"

11. At that time I believed that my life would be in danger if I ever filed a grievance while on Smith Unit.

12. I was then taken to classification and told that, due to my age and multiple, physical medical restrictions I would remain, as I have been for years, assigned to an "Inside Medical" work squad.

13. I was then assigned a cell on "A-Wing", cell 102-b in the "High Security" building.

14. I discovered that myself and hundreds of other offenders were being involuntarily housed in High Security housing due to our various medical disabilities despite being classified

as minimum offenders.

15. When I arrived on A-Wing, I discovered that my cellmate was a 33 year old prisoner who was mentally unstable and being treated with medications to treat his dellusions that God was giving him commands to commit violent acts.

16. I am 58 years of age and have numerous physical and medical disabilities.

17. The cellmate, Christopher Guthery, TDCJ-ID #02041742, would constantly pace back and forth in the cell talking to himself and punch the walls.

18. Guthery twice tried to " give me a hug" per the "voice of God."

19. When I complained to the housing officers I was told, "Yeah, there's a lot of psychos in here." Another told me, "Be careful what you ask for. You might get a nut worse than him."

20. I am afraid to sleep due to Guthery's erratic behavior and unable to sleep for more than minutes at a time because of Guthery and other factors, as detailed below.

21. The showers on High Security are inside the cells.

22. The shower walls and floor are contaminated with built-up scum, mold, and other contaminants.

23. The toilets are contaminated with built-up scum, feces, and other contaminants.

24. No cleaning chemical or product are provided to clean the cells.

25. The cell is infested with roaches and ants.

26. I've repeatedly been awakened by ants and roaches crawling in my hair and on my body. Putrid garbage cans are kept next to my cell.

27. The High Security cells have no windows for natural sunlight or air. The cell doors are unvented and often inoperable.

28. The cells are lighted by four 3 ft. long, high intensity, flourescent lights. The cell for help buttons are inoperable.

29. My ability to utilize the light switch to turn the cell light on or off is consistently overriden by the central picket.

30. On a 24 hour cycle, the cell lights are never off for more than 2 hours.

31. Throughout any given night the control picket repeatedly turns the cell lights on and off every hour or less, or either turn the lights on and leave them on during sleep periods

32. It is virtually impossible for me to get more than an hour of uninterrupted sleep in this High Security setting.

33. A-Wing houses more than 100 offenders.

34. The offenders on A-Wing are of mixed security classifications with G2 and G3 (minimum) offenders mixed with G4 (medium/Disciplinary) offenders.

35. A large number of offenders on A-Wing "ECB" housing are under mental health treatment and on psychotropic medications.

36. Many of them are extremely mentally unstable and dangerous.

37. In less than a month of being housed on ECB I witnessed multiple assaults by mental health prisoners due to their hallucinations.

38. I have been threatened repeatedly by mental health prisoners based on their dellusional beliefs that I was plotting against them.

39. I witnessed ECB A-Wing prisoner Thaddeus Quinn, TDCJ-I.D. #01908684, split open prisoner Oliver Jenkins, TDCJ-I.D. #02230034, head with a hotpot he secretly took to the pill window while hallucinating and assaulted an unsuspecting Jenkins.

40. I witnessed an unsuspecting prisoner Truman Harmount, TDCJ-ID #02250177, get assaulted by prisoner Tommy Tyner, TDCJ-ID #02226390, because Tyner suspected Harmount was plotting against him while Harmount was standing in line to receive his meal.

41. Every minute I am in the ECB dayroom I am in fear of being assaulted by one of the many paranoid and dellusional offenders around me.

42. The blending of mentally unstable offenders, medium security disciplinary offenders, with physically disabled and/or physically restricted prisoners, such as myself, is inherently a threat to my safety that leaves me in imminent danger of serious bodily injury or death.

43. When I arrived at Smith Unit, medical staff weighed me at 185 lbs.

44. Six days later, on November 12, 2019, I was again weighed by medical at 171 lbs.

45. I am a Muslim, and my Islamic faith has been documented in my TDCJ file for more than 10 years.

46. My Islamic faith prohibits me from consuming pork, pork products, or food that has been contaminated with pork.

47. Kitchen Officer Flores responded to my request for a pork free diet by telling me that not eating pork was my "personal choice" and not a medical restriction.

48. Kitchen Officer Flores told me my options are to eat the pork menus or not eat at all.

49. I am repeatedly denied a pork free diet

50. I requested Chaplain Earnest to notify food service of my religious dietary restrictions and he refused. And denied me Jumuah.

51. I requested Warden Gonzalez to contact food service and authorize a pork free diet, to no avail.

52. I requested Captain Miller to authorize a pork free diet, to no avail.

53. Compounding the problem and contributing to my rapid loss in weight is food service's seeming inability to comply with my medically ordered dietary restriction on consuming peanut butter or beans.

54. Every lunch and supper meal served consisted of at least one, if not multiple, bean products.

55. Despite notations on paperwork sent with the foodcart indicating I am to receive a tray with no beans, when the food trays are passed out they are passed out by non food service offenders who essentially act in the capacity of outlawed "building tenders." They do not wash their hands, wear gloves or hairnets, and are normally the A-wing bullies, and young gang members.

56. If any no-bean trays are sent, they are never on the cart when I request my meals.

57. None of the prisoners who pass out the meals have been medically cleared for food service.

58. The meals are served in a manner that raises the potential for contamination and bacteria growth, because the trays sit in "unplugged" "hot carts" and are never hot and are routinely cold to the point where certain food becomes congealed.

59. Captain Miller fails to adequately monitor the distribution of meals to ECB offenders with dietary restrictions.

60. Captain Miller fails to adequately monitor the distribution of food to ECB prisoners to ensure sanitary and food safety compliance.

61. I wrote a letter to Texas Tribune reporter Jolie McCullough.

62. I placed the letter in an envelope, sealed the envelope, and marked the envelope as "Media Mail."

63. I have met with Ms. McCullough inside of the TDCJ-CID on a "media interview."

64. On or about November 15, 2019, I submitted my sealed and marked envelope addressed to Jolie McCullough to prison mailroom staff.

65. In my letter to Mc. McCullough, I discussed the same issues set forth in paragraphs 1 through 60 of this complaint.

66. Ms. Rebber unsealed my letter, out of my presence, and read it. ("Per Huntsville orders")

67. Immediately thereafter Ms. Rebber, Mr. Rosiles, Mr. Jimenez, and Classification Mrs. Harris implemented a conspiracy to retaliate against me.

68. Mr. Rosiles revoked all of my several medical restrictions.

69. Mrs. Harris reassigned me from a medically restricted work assignment to an unrestricted "HS Work Squad 3."

70. Out of the 124 prisoners housed on A-wing ECB, I am the only prisoner assigned to "HS Work Squad 3."

71. Mr. Jimenez began ignoring my requests to be scheduled for Law Library.

72. Mr. Jimenez began ignoring my requests for carbon paper in order for me to make copies of legal filings.

73. As the grievance supervisor, Ms. Reimer failed to process prisoners' grievances in accordance with TDCJ policies and procedures and encouraged the intimidation and threats against prisoners by officers ~~by~~ and staff for filing grievances.

74. As safe prison/PREA officer, Sgt. Vasquez failed to ensure that I was housed in compliance with PREA and Safe Prisons policies causing me to be housed with a prisoner half my age with ongoing mental health issues that pose an imminent danger and threat to my safety and security.

75. As director of TDCJ-CID, Lorie Davis's failure to establish adequate policies and procedures and/or monitor the implementation of the ECB program has led to the suspension of my rights and protections under the 1st, 8th and 14 amendments to the U.S. Constitution, the Americans with Disabilities Act, the Rehabilitations Act, and the Safe Prisons/PREA Act, as well as the Religious Land Use Institutionalized Persons Act.

76. The ECB program constitutes forced medical treatment in violation of my Constitutional and Statutory rights.

77. My housing under the ECB program in "High Security" designed facilities violate my Equal Protection rights by the fact that similarly situated ECB offenders on Wallace Pack Unit or other ECB minimum security designed facilities are not being subjected to these excessively harsh conditions.

78. As a direct and proximate result of the said acts of the defendants I suffered damages, as follows:

A) Violation of my rights under the First Amendment to the U.S. Constitution to Redress of Grievance; And Freedom of Speech.

B) Violation of my rights under the Eighth Amendment to the U.S. Constitution against Cruel and Unusual punishment;

C) Violation of my rights under the Fourteenth Amendment to the U.S. Constitution to Equal Protection under the law;

D) Violation of my rights under the Americans with Disabilities Act.

E) Violation of my rights under the Rehabilitation Act;

F) Violation of my rights Under the Religious Land Use Institutionalized Persons Act;

G) Physical pain, T.S. starvation, and rapid weight loss;

H) Intentional infliction of extreme mental anguish and emotional distress and fear for my life and of retaliction.

I) Right against forced medical treatment violation

J) Violation of rights under Safe Prisons/PREA Act

K) Violation of my Free Exercise rights under the First and Fourteenth Amendments to the U.S. Constitution.

79. Wherefore I seek damages and relief, as follows:

A) Compensatory damages of $5,000 from each defendant jointly and severally;

B) Punitive damages of $250,000 from each defendant

c-) An emergency injunction enjoining the defendants from denying me a pork free diet; And my medical diet.

D) An injunction enjoining the defendants from denying me my right to attend Ju'mah prayer services;

E) An emergency injunction enjoining the defendants from assigning me to a cellmate in violation of requirements set forth in the SafePrisons/PREA Act and the 8th amendment.

F) An emergency injunction ordering the defendants to restore my medical restrictions;

G) An emergency injunction ordering the defendants to remove me from Smith Unit "High Security" building and reassign me to a EC3 housing at a "maximum security" designed unit such as Wallace Pack unit, etc.

H) An emergency injunction enjoining the defendants, or any agent acting in their behalf, from causing me any physical harm or subjecting me to any form of retaliation, harassment, or intimidation for filing this action.

I) Any such further relief this Court deems just and appropriate. My life is in jeopardy due to a culture of retaliation here. I declare under penalty of perjury under the laws of the United States that the foregoing is true based on my personal knowledge and that I am competent to testify.

Dated: November 27, 2019                    by: Theodore Shuttle

C.  Has any court ever warned or notified you that sanctions could be imposed?          YES____ NO

D.  If your answer is "yes," give the following information for every lawsuit in which a warning was issued.
(If more than one, use another piece of paper and answer the same questions.)

1.  Court that issued warning (if federal, give the district and division):_____

2.  Case number:_____

3.  Approximate date warning was issued:_____

Executed on: *11-27-19*
DATE

*Theodore Streater*
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1.  I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2.  I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3.  I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4.  I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5.  I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this ___*27*___ day of ___*November*___, 20 *19*.
        (Day)                              (month)                    (year)

*Theodore Streater*
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

Rev. 05/15

5

LEGAL
MAIL

13 CR 19
Lamesa, TX 79331

Clerk, U·S· District Court
Eastern District of Texas
211 West Ferguson St·
Tyler, TX 75702




