CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2020 JAN 23   PM 12: 55

DEPUTY CLERK___BMH___

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| THEODORE STREATER,<br>Institutional ID No. 1430922,<br>SID No. 7383113,<br><br>Plaintiff,<br><br>v.<br><br>LORIE DAVIS, *et al.*,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br>CIVIL ACTION NO. 5:19-CV-263-BQ |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is pro se Plaintiff Theodore Streater's "Declaration in Support of Injunctive Relief and Request for Temporary Restraining Order."[1]  ECF No. 12.  Streater, an inmate at the Texas Department of Criminal Justice (TDCJ) Preston E. Smith Unit, alleges that he is in fear for his safety regarding two TDCJ correctional officers:  Lieutenant Aynes and Sergeant Caudillo.  *Id.* at 1–2.  Not all parties have consented to proceed before the undersigned magistrate judge.   The undersigned therefore makes the following Findings, Conclusions, and Recommendation to the United States District Judge.

## I.   <u>Legal Standard</u>

"An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable harm." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). When a plaintiff requests injunctive relief that would require the court to interfere with the administration of a state prison, "appropriate consideration must be given to principles of

---

[1] The undersigned liberally construes this document as a motion for issuance of a preliminary injunction and temporary restraining order.

federalism in determining the availability and scope of equitable relief." *Rizzo v. Goode*, 423 U.S.

362, 379 (1976).   In assessing whether injunctive relief serves the public interest, facility

administrators must be afforded deference in the manner in which they operate the institution. *Bell*

*v. Wolfish*, 441 U.S. 520, 547 (1979).  An injunction is "not to be granted routinely, but only when

the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d

1209, 1211 (5th Cir. 1989); *see Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d

618, 621 (5th Cir. 1985) (citing cases for support) (explaining that "[t]he decision to grant a

preliminary injunction is to be treated as the exception rather than the rule").  As such, the movant

must "unequivocally show the need for its issuance." *Wooten v. Tex. Tech Mental-Med. Servs.*,

2:17-CV-0015-D, 2019 WL 1061339, *1 (N.D. Tex. Feb. 13, 2019) (citing *Sepulvado v. Jindal*,

729 F.3d 413, 417 (5th Cir. 2013)).  To secure an injunction or temporary restraining order (TRO),

a movant must demonstrate:

1. A substantial likelihood of success on the merits of his case;

2. A substantial threat of irreparable injury if the injunction is not granted;

3. The threatened injury to the movant outweighs any damage the injunction will cause the non-movant; and

4. The injunction will not have an adverse effect on the public interest.

*Hay v. Waldron*, 834 F.2d 481, 484 (5th Cir. 1987).

## II.    Discussion

Initially, the Court observes that Streater has not provided notice of his request for

injunctive relief to the opposing parties.  ECF No. 12.  For this reason alone, his motion should be

denied.[2] *See* Fed. R. Civ. P. 65(a)(1) (providing that a court "may issue a preliminary injunction

---

[2] Under Fed. R. Civ. P. 65(b)(1), the Court may issue a TRO without notice to the adverse party, but only where: (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"; and (2) the movant "certifies

*only* on notice to the adverse party" (emphasis added)); *King v. TDCJ*, No. 3:15-CV-1365-N-BH, 2016 WL 8671926, at *1 (N.D. Tex. Jan. 8, 2016) (recommending denial of plaintiff's request for preliminary injunction because he had not satisfied the notice requirement of Rule 65(a)).

More importantly, Streater has not carried his burden with respect to any of the necessary elements, particularly a substantial threat of irreparable injury if the Court does not grant relief. In his motion, Streater claims he has observed "multiple uses of force . . . committed by . . . Lt. Aynes[] and Sgt. Caudillo," and further contends he is in fear for his safety "due to the pervasive culture of retaliation against prisoners for filing grievances at Smith Unit . . . ." ECF No. 12, at 1. Streater alleges that he "recently experienced what he considers the opening act of an anticipated campaign of harassment against him for filing this complaint." *Id.* Streater then describes being taken to the medical department for an examination, finding Aynes and Caudillo in the examination room, and that "Sgt. Caudillo stood glaring at [him] while Lt. Aynes sat listening" during the nurse's questioning of Streater.[3] *Id.* at 1–2. Streater argues that the intent behind their presence in the examination room was to intimidate him. *Id.* at 2. Streater further avers that he is concerned about his wellbeing because "he has heard from dozens of offenders" that Aynes and Caudillo "have histories of carrying out retaliatory acts" against offenders. *Id.* In support of his motion, Streater attached a declaration from Edward Sims, another inmate at TDCJ's Smith Unit.

---

in writing any effort made to give notice and the reasons why it should not be required." Streater has not satisfied either element. Although Streater's original Complaint and Amended Complaint are both verified, they nonetheless do not clearly show that immediate and irreparable injury, loss, or damage would result before the Defendants could be heard on the matter. *See* ECF Nos. 1, 9.

[3] Streater also claims that the presence of Aynes and Caudillo violated his rights to medical privacy and that their presence was "highly irregular" because he is a minimum custody offender. ECF No. 12, at 2. The Court does not have before it any evidence concerning Streater's custody level, but it notes that an online TDCJ offender search indicates that Streater is serving a life sentence for burglary, aggravated assault with a deadly weapon, and multiple counts of aggravated sexual assault (including against a child). *See* Tex. Dep't of Criminal Justice, *Offender Information Search*, https://offender.tdcj.texas.gov/OffenderSearch (last visited Jan. 16, 2020).

3

*Id.* at 3. That declaration describes an event that Sims claims took place on November 7, 2019, where Aynes purportedly hit him in the head with his radio and dragged him into a cage. *Id.*

Streater has failed to carry his burden of producing adequate evidence, through an affidavit, verified complaint, or other means, showing that the Court should interfere with the facility administrators' exercise of professional judgment in the day to day general management of the facility. *See Bell*, 441 U.S. at 547; *see also Wilkerson v. Stalder*, 329 F.3d 431, 436 (5th Cir. 2003) ("Prison officials should be accorded the widest possible deference in the application of policies and practices designed to maintain security and preserve internal order." (internal quotation marks omitted)); *Young v. Wainwright*, 449 F.2d 338, 339 (5th Cir. 1971) (per curiam) ("Classification of inmates is a matter of prison administration and management with which federal courts are reluctant to interfere except in extreme circumstances.");

Initially, the Court notes that Streater's demand is inherently nebulous in that he asks for an injunction and TRO that would require the Director of TDCJ "to take measures to protect [Streater] from being subjected to any form of retaliatory actions by the defendants or any persons acted [sic] in [sic] their behalf." ECF No. 12, at 2. As such, Streater's request fails on two key points concerning injunctions: First, the Prison Litigation Reform Act commands that "injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Second, the Federal Rules of Civil Procedure require that all injunctions and restraining orders state their terms "specifically" and "describe in reasonable detail . . . the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1)(B)–(C). "An injunction must simply be framed so that those enjoined will know what conduct the court has prohibited." *Texas v. E.E.O.C.*, 933 F.3d 433, 451 (5th Cir. 2019) (internal quotation marks omitted). As such, "injunctions must

be narrowly tailored to remedy the specific action which gives rise to the order." *M. D. ex rel. Stukenberg v. Abbott*, 907 F.3d 237, 272 (5th Cir. 2018) (internal brackets, ellipses, and quotation marks omitted). The open-ended nature of Streater's request is such that the Court cannot fashion a sufficiently narrow remedy that would allow Defendants to know precisely what conduct has been enjoined. *See Scott v. Schedler*, 826 F.3d 207, 213–14 (5th Cir. 2016) (vacating permanent injunction as too vague because it referred generally to policies without identifying which policies were governed by injunction); *Monroe v. Hous. Indep. Sch. Dist.*, --- F. App'x ---, 2019 WL 6320348, at *3–4 (5th Cir. Nov. 25, 2019) (noting that "the rules governing preliminary injunctions are strict," including the specificity requirements of Federal Rule of Civil Procedure 65); *see also Orchestrate HR, Inc. v. Trombetta*, Civil Action No. 3:13-CV-2110-L, 2016 WL 3179967, at *4, 5, 11 (N.D. Tex. June 8, 2016) (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 444 (1974)) (stating that a basic principle of injunctions is that they should provide "precisely drawn notice of what the injunction actually prohibits," and dissolving agreed temporary restraining orders and injunction after concluding they were not adequately specific to comply with Rule 65(d)(1)).

Further, Streater provides no evidence of a TDCJ policy that permits or encourages the use of force in violation of the Constitution or retaliation against inmates for exercising their constitutionally protected rights; instead, he cites a previous incident of force allegedly committed by Aynes and Caudillo against another inmate. *See* ECF No. 12, at 1–3. Streater's claim for injunctive relief is premised on events that have allegedly already occurred (but did not personally involve him) or that he has merely heard about secondhand from other offenders. To the extent that he claims to have felt "intimidated" by the presence of Aynes and Caudillo during a medical exam, the Court cannot use Streater's subjective personal feelings about a circumstance as a basis

for granting the extraordinary remedy of injunctive relief. Streater's claims are subjective and unsubstantiated by anything more than his word and the word of another inmate. Because Streater does not provide evidence making a "reasonable showing that he will . . . be subjected to the alleged illegality," he cannot obtain injunctive relief from this Court. *See City of L.A. v. Lyons*, 461 U.S. 95, 109 (1983). Thus, Streater has not adequately demonstrated that he faces a substantial threat of irreparable injury if the injunction is not granted.

## III.    Recommendation

For the foregoing reasons, the undersigned recommends that the United States District Judge **DENY** Streater's Declaration in Support of Injunctive Relief and Request for Temporary Restraining Order (ECF No. 12).

## IV.    Right To Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated: January 23, 2020

D. GORDON BRYANT, JR.
**UNITED STATES MAGISTRATE JUDGE**